UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DILSON ROBLEDO :
:
v. : C.A. No. 13-604L
:
A.T. WALL, et. al. :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv 72(a)) is the Motion for Summary Judgment filed by Defendant Correctional Officers Robert Batista, David Benevides, and Warden James Weeden. (Document No. 26). Plaintiff did not file an Objection. For the following reasons, I recommend that Defendants' Unopposed Motion for Summary Judgment be GRANTED.

**Facts**

Plaintiff, an inmate at the Rhode Island Adult Correctional Institutions ("ACI"), brings this lawsuit against Correctional Officers Batista and Benevides, and Warden Weeden, the ACI's Assistant Director of Institution and Operations, alleging that the Correctional Officers assaulted him in violation of the Eighth Amendment and that Warden Weeden was aware of the assault but "did nothing to discipline or fire" the Correctional Officers. (Document No. 1 at p. 8). Plaintiff brought his Complaint against the Warden and Correctional Officers in both their individual and official capacities.

Pursuant to LR Cv 56(a)(3), Defendants' Statement of Undisputed Facts (Document No. 27) is deemed admitted because Plaintiff did not file any Objection to the Motion or any counter-statement of disputed facts as permitted under Local Rule Cv 56(a)(3). On December 23, 2011, Correctional Officer Benevides responded to a "code blue" that was called in the cell block area where Plaintiff was

housed. (Document No. 27 at ¶ 10). A code blue is called via radio transmission to all facility officers, notifying all staff and officers of an emergency situation involving the inmate population. Id. ¶ 11. Certain officers are required to respond to the code blue, depending on their location and the location of the emergency site. Id. In Officer Benevides' attempt to render assistance to other officers during the code, Plaintiff punched Officer Benevides in the face. Id. Officer Benevides then wrestled Plaintiff to the floor and was assisted by Officer Nystrom. Id. ¶ 13. Officers Nystrom and Benevides escorted Plaintiff to the rear hall area and placed him in a cell in that area. Id. ¶ 15. Officer Benevides did not punch or kick Plaintiff nor did he push any part of Plaintiff's body into the walls or doors as he escorted Plaintiff to the rear room area. Id.

Officer Batista terminated his shift at approximately 2:55 p.m. and was not on the maximum security premises when the "code blue" incident occurred. Id. ¶ 5, 6. Officer Batista did not make any statements to Plaintiff on that day that related to the incident and had no interaction at all with Plaintiff. Id. ¶¶ 4, 7.

Warden Weeden's duties include overseeing and managing all operations of the maximum security facility. Id. ¶ 19. Warden Weeden was neither present, nor a witness, to the "code blue" incident that occured on December 23, 2011. Id. ¶ 20. Warden Weeden reviewed all use of force reports submitted in relation to the December 23, 2011 incident and referred the incident to the office of inspections to determine if state charges were warranted. Id. ¶ 21. Warden Weeden's opinion was that the force used by the officers was reasonable. Id. ¶ 22. Warden Weeden does not have the authority to discipline officers as a result of a determination that there was excessive force used. Id. ¶ 23.

On April 17, 2013, Plaintiff pled nolo contendere to assault on Correctional Officer Benevides and striking a correctional officer causing injury. Id. ¶ 24. Plaintiff received a twenty-one month

sentence on the plea to be served consecutively with Plaintiff's original sentence.  Id. ¶ 25.  In his Complaint, Plaintiff states that he received two years in segregation in addition to the twenty-one month sentence.  (Document No. 26 at p. 3).

**Standard of Review**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor.  Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and the nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).  Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains."  Cadle, 116 F.3d at 960 (citing Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)).  An issue of fact is "genuine" if it "may reasonably be resolved in favor of either party."  Id.  (citing Maldonado-Denis, 23 F.3d at 581).

To oppose the motion successfully, the nonmoving party must present affirmative evidence to rebut the motion.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-257 (1986).  "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, [or]

unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Moreover, the "evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve." Id. (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)). Therefore, to defeat a properly supported motion for summary judgment, the nonmoving party must establish a trialworthy issue by presenting "enough competent evidence to enable a finding favorable to the nonmoving party." Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993) (citing Anderson, 477 U.S. at 249).

**Discussion**

Plaintiff's Civil Cover Sheet indicates that his case states a 42 U.S.C. §1983 claim for "(malicious) DOC staff assault - injuries." He seeks both compensatory and punitive damages and an order that Director Wall "suspend or fire" Correctional Officer Benevides as well as an order that "[a]ll officials seen on (videotape) assaulting" Plaintiff be disciplined. (Document No. 1 at p. 3). In their Motion for Summary Judgment, Defendants assert that they are entitled to judgment as a matter of law on all of Plaintiff's claims.

As a preliminary matter, the claims for money damages against these Defendants in their official capacities all fail on the grounds that such an action is not cognizable under Will v. Michigan, 491 U.S. 58, 64 (1989) ("a State is not a person within the meaning of § 1983.") Here, plaintiff has brought suit against these Defendants in both their "official" and "individual" capacities. However, "[a] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Id. at p. 71. Such a claim cannot prevail because, "neither a State nor its officials acting in their official

capacities are 'persons' under § 1983." Id. Accordingly, Plaintiff's official capacity claims must be dismissed.

  **A. Correctional Officer Benevides**

Plaintiff pled nolo contendere on April 17, 2013 to "simple assault" on Correctional Officer Benevides. As such, he is judicially estopped from pursing his claim for assault against Officer Benevides in his individual capacity. Moreover, even if the Court considered his claim on the merits, it would fail. Plaintiff concedes that after the "code blue" was called over the P.A. System, he saw Officer Benevides "rushing" towards him, so he "swung and hit [Officer Benevides] in the face. [Officer] Benevides then ran away." The undisputed facts establish that Officer Benevides was attempting to "render assistance to other officers during the code, [when] Plaintiff assaulted and punched him in the face." (Document No. 27 at ¶ 12). "For safety reasons, Benevides then wrestled Plaintiff to the floor and was assisted by officer Nystrom." Id. ¶ 13. "As a result of the code, use of force by staff officers was required and utilized." Id. ¶ 14. "Plaintiff initiated the assault against Benevides and his efforts to wrestle plaintiff to the ground was for the sole purpose of defending Benevides." Id. ¶ 16.

There are no facts in dispute, and the case law does not support an action based on the facts alleged. "Generally speaking, '[a]fter incarceration, only the unnecessary and wanton infliction of pain...constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Skinner v. Cunningham, 430 F.3d 483, 488 (1st Cir. 2005) quoting Whitley v. Albers, 475 U.S. 312, 319 (1986). "The critical question in such a case is whether the force was applied 'maliciously and sadistically for the very purpose of causing harm'...rather than 'in a good-faith effort to maintain or restore discipline.'" Id. quoting Whitley, 475 U.S. at 320-321 and Hudson v. McMillian, 503 U.S. 1, 7 (1992).

In the present case, the undisputed facts establish that the force applied to Plaintiff was for the purpose of restoring discipline and order. Accordingly, Plaintiff's claims against Officer Benevides fail.

### B.  Correctional Officer Batista

The undisputed facts establish that Officer Batista was not present, and therefore could not have made the statement that Plaintiff should "sit the f*** down if [you] don't want it any worst [sic]," as alleged in Plaintiff's Complaint. Even if, arguendo, the Court assumes Officer Batista made the statement alleged by Plaintiff, there is no actionable claim under 42 U.S.C. § 1983 under the Eighth Amendment for "verbal abuse" or threats by a correctional officer to an inmate. Shabazz v. Cole, 69 F. Supp. 2d 177, 201 (D. Mass. 1999) ("the weight of authority is that verbal threats, even abusive threats with racial epithets, do not, in the context of prison, violate an inmate's constitutional rights.") Accordingly, the claims against Officer Batista all fail.

### C.  Warden Weeden

Plaintiff's sole complaint against Warden Weeden is that once he was informed of the claimed assault on Plaintiff, he did not discipline or terminate the Defendant Correctional Officers. Following the incident, Warden Weeden referred the reports concerning the incident to the office of the inspector to determine if state criminal charges were warranted. No criminal charges were brought against the Officers, but Plaintiff was charged with assault, and pled nolo. Moreover, "[s]ection 1983 claims do not impose purely supervisory liability." Benbow v. Weeden, C.A. No. 13-334ML, 2013 WL 4008698, at *8 (D.R.I. Aug. 5, 2013) quoting Cordero-Suárez v. Rodríguez, 689 F.3d 77, 82 (1st Cir. 2012). Section 1983 liability may be imposed on a supervisor like Warden Weeden only if he is the primary violator or he supervised, trained or hired a subordinate with deliberate indifference to the possibility that deficient performance may eventually result in a civil rights violation. Id. citing Sanchez v. Pereira–Castillo, 590 F.3d 31, 49 (1st Cir. 2009). In short, Plaintiff has not stated any facts

that would support a claim for supervisory liability against Warden Weeden under §1983, and Plaintiff has not objected to the undisputed facts set forth in Defendants' Motion. Accordingly, Warden Weeden is also entitled to judgment as a matter of law.

**Conclusion**

For the foregoing reasons, I recommend that Defendants' Unopposed Motion for Summary Judgment be GRANTED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 22, 2015