UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DILSON ROBLEDO            :
                          :
     v.                   :    C.A. No. 13-604L
                          :
A.T. WALL, et. al.        :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv 72(a)) is the Motion to Dismiss filed by Defendant A.T. Wall. (Document No. 25). Plaintiff did not file an Objection. For the following reasons, I recommend that Defendant Wall's Unopposed Motion be GRANTED.

**Facts**

Plaintiff, an inmate at the Rhode Island Adult Correctional Institutions ("ACI"), brings this lawsuit against Director A.T. Wall, alleging Director Wall is liable for an alleged assault on Plaintiff because Director Wall "made the use of force policy which [Correctional Officer] Benevides etc. (claim) to be following when assault happened." (Document No. 1 at p. 8). Plaintiff sues the Director in both his individual and official capacities.

Plaintiff is housed in the maximum security facility at the Rhode Island Adult Correctional Institutions. On the afternoon of December 23, 2011, Plaintiff opted not to go outside, but to stay inside to shower and play cards. (Document No. 1 at p. 5). Around 2:45 p.m., Plaintiff noticed a commotion between two Correctional Officers and an inmate. Id. Plaintiff heard a "code blue" over the P.A. System and then saw Correctional Officer Benevides rushing towards him. Out of fear,

Plaintiff swung and hit Officer Benevides in the face when he got close. Id. at pp. 5-6. Officer Benevides then ran away. After he hit Officer Benevides, Plaintiff noticed a lot of Correctional Officers coming toward him with a chemical agent, so he ran to the shower area and got flat on the floor and covered his face with his sweatshirt. Id. at p. 6. Plaintiff claims that Officer Benevides and several other Officers then jumped on his back and handcuffed him. Id. Plaintiff claims that once he was handcuffed, Officer Benevides and other officers punched Plaintiff in the face and banged his face against the floor. He also claims that Officer Benevides slammed his face into every door and occasionally punched him in the face. Id. at p. 7. He claims he was then placed into a rear hall cell while handcuffed and bleeding. Id. He alleges that Officer Batista told him to "sit the f**k down if [you] don't want it any worst [sic]." Id.

Plaintiff was examined by a nurse and received a total of five stitches. Plaintiff claims that when he returned to Maximum Security he was a target of harassment and that his mail was withheld and his property destroyed. Id. at p. 8. Plaintiff ultimately entered a nolo contendere plea to the assault of Officer Benevides, and Plaintiff notes that he received twenty-one months added to his sentence for assaulting Officer Benevides and two years in segregation. Id.

**Dismissal Standard**

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995). If under any theory the allegations are sufficient to state a cause of

action in accordance with the law, the motion to dismiss must be denied. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994).

While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)). "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559). See also Ashcroft v. Iqbal, 556 U.S. 662, 679 ("[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"). The Court of Appeals has cautioned that the "plausibility" requirement is not akin to a "standard of likely success on the merits," but instead, "the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico, 628 F.3d 25, 30 (1st Cir. 2010).

**Discussion**

Plaintiff's Civil Cover Sheet indicates that his case states a 42 U.S.C. §1983 claim for "(malicious) DOC staff assault - injuries." He seeks both compensatory and punitive damages and an Order that Director Wall "suspend or fire" Correctional Officer Benevides as well as an Order that "[a]ll officials seen on (videotape) assaulting" Plaintiff be disciplined. (Document No. 1 at p. 3). In his Motion to Dismiss, Director Wall asserts that Plaintiff has not stated a claim against him for a variety of reasons. Even taking all of the facts alleged in the Complaint as true, this Court finds that there is no cognizable claim stated in the Complaint.

Director Wall seeks dismissal of the claims against him in his official capacity on the grounds that such an action is not cognizable under Will v. Michigan, 491 U.S. 58, 64 (1989) ("a State is not a person within the meaning of § 1983.") Here, Plaintiff has brought suit against Wall in both his "official" and "individual" capacities. However, "[a] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Id. at p. 71. Such a claim cannot prevail because, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. Accordingly, Plaintiff's official capacity claims must be dismissed.

This leaves Plaintiff's claims against Director Wall in his individual capacity. The individual capacity allegations also fail to state a claim because "Section 1983 claims do not impose purely supervisory liability." Benbow v. Weeden, C.A. No. 13-334ML, 2013 WL 4008698, at *8 (D.R.I. Aug. 5, 2013) quoting Cordero-Suárez v. Rodríguez, 689 F.3d 77, 82 (1st Cir. 2012). A supervisor may be found liable only on the basis of his own acts or omissions. Bowen v. City of Manchester, 966 F.2d 13, 20 (1st Cir.1992). A supervisor can be held liable for establishing a policy that leads to the challenged activity. Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). Plaintiff is attempting to find Director Wall liable on the basis that he "made the use of force policy" that was being followed when the incident occurred. To hold him liable for this, Plaintiff would have to set forth facts alleging that Director Wall's "behavior demonstrate[d] deliberate indifference to conduct that is itself violative of a plaintiff's constitutional rights... " Maldonado-Denis, 23 F.3d at 582. But, even that is not enough, as "a plaintiff not only must show deliberate indifference or its equivalent, but also must affirmatively connect the supervisor's conduct to the subordinate's violative act or omission." Id. Here, not only has Plaintiff failed to articulate any facts that support

a finding of liability, but Plaintiff's claim does not even plead the required predicate – a constitutional violation. Instead, Plaintiff admits that he entered a plea of nolo contendere to assault on Officer Benevides. Beyond the allegation that Director Wall "made" the policy, the Complaint alleges absolutely no facts to support a claim against Director Wall. Accordingly, it is insufficient to proceed against him as a matter of law.

**Conclusion**

For the foregoing reasons, I recommend that Defendant A.T. Wall's Unopposed Motion to Dismiss be GRANTED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 22, 2015